JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
JOHN R. TYLER
Assistant Branch Director
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel
Department of Justice, Civil Division
318 South Sixth Street, Room 244
Springfield, Illinois 62701
Telephone:   (202) 514-3495
Facsimile:   (217) 492-4888
E-mail:   scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>                    Plaintiff,<br><br>         v.<br><br>WILLIAM P. BARR, Attorney General of the United States, *et al.*,<br><br>                    Defendants. | Case No. 2:18-cv-07347-R-JC<br><br>**NOTICE OF MOTION AND JOINT MOTION FOR INDICATIVE RULING UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   May 6, 2019<br>Time:   10:00 a.m. |

SF: 306936-2

# TABLE OF CONTENTS

NOTICE OF MOTION AND JOINT MOTION FOR INDICATIVE RULING UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1 .................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

INTRODUCTION ............................................................................................... 1

ARGUMENT ........................................................................................................ 2

    I.    Further Motion Practice Regarding the Gang Suppression Requirements Is Needed ................................................................. 2

    II.    The Court Should Enter an Indicative Ruling to Permit a Limited Remand ........................................................................ 2

CONCLUSION ..................................................................................................... 3

**NOTICE OF MOTION AND MOTION FOR PARTIAL STAY
OF INJUNCTION PENDING APPEAL**

PLEASE TAKE NOTICE that on Monday, May 6, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard, before The Honorable Manuel L. Real, in Courtroom 880 on the Eighth Floor of the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, the plaintiff and the defendants will jointly move under Rule 62.1 of the Federal Rules of Civil Procedure, and hereby do move, for an indicative ruling stating that, if the Court of Appeals remands that portion of the Court's injunction of February 15, 2019, that relates to the Gang Suppression Planning Grants Program for Fiscal Year 2018, this Court would grant a forthcoming motion to vacate that aspect of the injunction to permit further substantive motion practice herein regarding the Gang Suppression program.

This joint motion is based on the following Memorandum of Points and Authorities, the evidence and records on file in this action, and any other written or oral evidence or argument that may be presented at or before the time this motion is heard by the Court.

Dated: April 5, 2019

Respectfully submitted,

MICHAEL N. FEUER, SBN 111529
City Attorney

JAMES P. CLARK, SBN 64780
Chief Deputy City Attorney
LEELA A. KAPUR, SBN 125548
Executive Assistant City Attorney
VALERIE L. FLORES, SBN 138572
Managing Senior Assistant City Attorney
MICHAEL DUNDAS, SBN 226930
Deputy City Attorney

JOSEPH H. HUNT
Assistant Attorney General

NICOLA T. HANNA
United States Attorney

JOHN R. TYLER
Assistant Director

/s/ W. Scott Simpson

W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel

SF: 306936-2

| | | |
|---|---|---|
| 1 | 200 North Main Street, City Hall East | Department of Justice, Civil Division |
| 2 | Suite 800 | 318 South Sixth Street, Room 244 |
|   | Los Angeles, California 90012 | Springfield, Illinois 62701 |
| 3 | Telephone: (213) 978-8344 | Telephone: (202) 514-3495 |
| 4 | Facsimile:  (213) 978-8312 | Facsimile:  (217) 492-4888 |
|   | Email:     james.p.clark@lacity.org | E-mail:    scott.simpson@usdoj.gov |

COUNSEL FOR DEFENDANTS

/s/ Neema T. Sahni

MITCHELL A. KAMIN,
SBN 202788
NEEMA T. SAHNI, SBN 274240
JESSICA R. HANSON, SBN 313247
Covington & Burling LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone:  (424) 332-4800
Facsimile:   (424) 332-4749
E-mail:      mkamin@cov.com

DAVID M. ZIONTS, *pro hac vice*
IVANO M. VENTRESCA, *pro hac vice*
BENJAMIN CAVATARO, *pro hac vice*
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone:  (202) 662-6000
Facsimile:   (202) 662-5987
Email:       dzionts@cov.com

COUNSEL FOR PLAINTIFF

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This Court has entered a nationwide permanent injunction against certain grant requirements in the Gang Suppression Planning Grants Program ("Gang Suppression program") and the Edward Byrne Memorial Justice Assistance Grant Program ("Byrne JAG Program") for Fiscal Year 2018. The defendants have appealed that injunction, such that jurisdiction over this action currently lies in the Court of Appeals. The defendants have moved for a partial stay of that injunction pending appeal – staying the nationwide scope of the Byrne JAG injunction, and staying the injunction with respect to the Gang Suppression requirements in its entirety. Los Angeles has consented to that motion for stay, and defendants respectfully request that the Court enter the requested stay as soon as possible.[1]

Separate but related to this request for a partial stay, the parties hereby submit that the injunction should be vacated solely as to the Gang Suppression requirements,[2] without prejudice to reinstatement after further substantive motion practice in this Court. Plaintiffs have not previously moved for judgment regarding their challenges to those requirements.

Therefore, the parties respectfully ask the Court to enter an "indicative ruling" under Rule 62.1 of the Federal Rules of Civil Procedure stating that, given jurisdiction, it would grant a motion to vacate that portion of its injunction that concerns the Gang Suppression requirements to permit further proceedings herein regarding those requirements. If this Court were to enter such an indicative ruling, the parties would thereupon seek a limited remand from the Court of Appeals to confer jurisdiction on this Court to vacate that portion of its injunction. The parties could then engage in further motion practice in this Court regarding the Gang

---

[1] This Court retains jurisdiction to stay its injunctive rulings. *See* Fed. R. Civ. P. 62(c).

[2] The parties are not requesting any relief herein that would affect the aspect of the Court's injunction that concerns the Byrne JAG Program.

SF: 306936-2

Suppression requirements. The remainder of this case – regarding the Byrne JAG requirements – would proceed on appeal.

If the Court vacates without prejudice the portion of its injunction concerning the Gang Suppression requirements, the City intends to promptly move for partial summary judgment and a permanent injunction on those claims, and expects that this remaining aspect of the case can be resolved expeditiously.

## ARGUMENT

### I. Further Motion Practice Regarding the Gang Suppression Requirements Is Needed.

The parties in this action filed cross-motions for partial summary judgment (or dismissal), but those motions were not co-extensive. The defendants sought dismissal or summary judgment regarding the challenged grant requirements in both the Gang Suppression program and the Byrne JAG Program for FY 2018, other than those Byrne JAG requirements that were similar to the FY 2017 requirements on which the Court ruled in *Los Angeles v. Whitaker*, No. 2:17-cv-07215-R-JC (C.D. Cal.). Dkt. No. 49. The plaintiff sought summary judgment regarding all of the immigration-related requirements in the Byrne JAG Program for FY 2018, but plaintiff's motion did not apply to the Gang Suppression requirements. Dkt. No. 41. Thus, although plaintiff opposed defendants' dispositive motion, including in relation to the Gang Suppression requirements, the City has not previously sought judgment regarding those requirements.

Accordingly, the parties submit that the injunction regarding the Gang Suppression requirements for FY 2018 should be vacated, without prejudice to reinstatement after further motion practice in this Court.

### II. The Court Should Enter an Indicative Ruling to Permit a Limited Remand.

Rule 62.1 of the Federal Rules of Civil Procedure "allows a party to ask the district court for an 'indicative ruling' on an issue the court is without jurisdiction to

2

decide because of a pending appeal." *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017); *see* Fed. R. Civ. P. 62.1(a). If the district court states that it would grant the relief sought – or that the request raises a "substantial issue" – the court of appeals may, under Rule 12.1 of the Federal Rules of Appellate Procedure, remand some or all of the case for further proceedings while retaining jurisdiction over the appeal. Fed. R. App. P. 12.1(b); *see Mendia*, 874 F.3d at 1121 ("FRAP 12.1 permits us to remand a case to the district court, while retaining jurisdiction, for the limited purpose of allowing the district court to take action consistent with an earlier indicative ruling.").

Given that this action is now on appeal, while this Court can stay its injunction pursuant to Rule 62(c), it lacks jurisdiction to vacate a portion of its injunction during the appeal. An indicative ruling under Rule 62.1 is needed to indicate to the Court of Appeals how the Court would rule on a motion to vacate the portion of its existing injunction regarding the Gang Suppression requirements for FY 2018. If this Court states that it would grant such a motion, the parties intend to seek a limited remand of this case from the Court of Appeals to allow this Court to effectuate the vacatur as to the Gang Suppression aspect of the Court's injunction. The parties could then engage in further motion practice regarding those requirements in this Court. Meanwhile, the appeal regarding the Byrne JAG requirements can proceed.

## CONCLUSION

Accordingly, the parties respectfully ask the Court to enter an indicative ruling stating that it would grant a motion to vacate its existing injunction solely as to the Gang Suppression requirements, without prejudice to reinstatement after further motion practice regarding those requirements.

Dated: April 5, 2019

Respectfully submitted,

| MICHAEL N. FEUER, SBN 111529 | JOSEPH H. HUNT |
| City Attorney | Assistant Attorney General |

3

| | | |
|---|---|---|
| 1 | JAMES P. CLARK, SBN 64780 | NICOLA T. HANNA |
| 2 | Chief Deputy City Attorney | United States Attorney |
|   | LEELA A. KAPUR, SBN 125548 | |
| 3 | Executive Assistant City Attorney | JOHN R. TYLER |
| 4 | VALERIE L. FLORES, SBN 138572 | Assistant Director |
|   | Managing Senior Assistant City Attorney | |
| 5 | MICHAEL DUNDAS, SBN 226930 | /s/ W. Scott Simpson |
| 6 | Deputy City Attorney | |
|   |   | W. SCOTT SIMPSON (Va. Bar |
| 7 | 200 North Main Street, City Hall East | #27487) |
| 8 | Suite 800 | Senior Trial Counsel |
|   | Los Angeles, California 90012 | |
| 9 | Telephone: (213) 978-8344 | Department of Justice, Civil Division |
| 10 | Facsimile: (213) 978-8312 | 318 South Sixth Street, Room 244 |
|   | Email: james.p.clark@lacity.org | Springfield, Illinois 62701 |
| 11 |   | Telephone: (202) 514-3495 |
| 12 | MITCHELL A. KAMIN, | Facsimile: (217) 492-4888 |
|   | SBN 202788 | E-mail: scott.simpson@usdoj.gov |
| 13 |   | |
| 14 | /s/ Neema T. Sahni | COUNSEL FOR DEFENDANTS |
| 15 |   | |
|   | NEEMA T. SAHNI, SBN 274240 | |
| 16 | JESSICA R. HANSON, SBN 313247 | |
| 17 | Covington & Burling LLP | |
|   | 1999 Avenue of the Stars, Suite 3500 | |
| 18 | Los Angeles, California 90067-4643 | |
| 19 | Telephone: (424) 332-4800 | |
|   | Facsimile: (424) 332-4749 | |
| 20 | E-mail: mkamin@cov.com | |
| 21 |   | |
| 22 | DAVID M. ZIONTS, *pro hac vice* | |
|   | IVANO M. VENTRESCA, *pro hac vice* | |
| 23 | BENJAMIN CAVATARO, *pro hac vice* | |
|   | Covington & Burling LLP | |
| 24 | One CityCenter | |
| 25 | 850 Tenth Street NW | |
|   | Washington, DC 20001 | |
| 26 | | |
| 27 | | |
| 28 | | |

4

Telephone: (202) 662-6000
Facsimile: (202) 662-5987
Email: dzionts@cov.com

COUNSEL FOR PLAINTIFF

### ATTESTATION OF SIGNATURES

I, W. Scott Simpson, hereby attest, pursuant to Local Civil Rule 5-4.3.4(a)(2) of the Central District of California, that all signatories identified on this document concur in the document's content and have authorized its filing.

/s/ W. Scott Simpson
_____
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel
COUNSEL FOR DEFENDANTS