**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General of the United States, *et al.*,<br><br>    Defendants. | Case No.: 2:18-cv-07347-JLS-JC<br><br>**FINAL JUDGMENT** |

# FINAL JUDGMENT

## I. BACKGROUND

On February 15, 2019, this Court granted partial summary judgment to Plaintiff City of Los Angeles (the "City") as to Count One in its First Amended Complaint for Declaratory and Injunctive Relief (the "Complaint"), holding that the Defendants' imposition of the immigration-related Conditions[1] on the Fiscal Year ("FY") 2018 Edward Byrne Memorial Justice Assistant Grant ("Byrne JAG") program were "ultra vires as a matter of law and a violation of separation of powers." ECF No. 62 at 5-8. Because summary judgment was granted as to Count One (Plaintiff's ultra vires claim), this Court did not reach the City's alternative grounds for partial summary judgment on the FY 2018 Byrne JAG conditions (Counts Two, Three, and Four), and these were rendered moot. *Id*. at 8.[2] Determining that the requisites for entry of a permanent injunction were met, this Court issued a permanent injunction that enjoined Defendants "from imposing the Conditions on FY 2018 Byrne JAG awards and [Gang Suppression Planning Grants Program ("Gang Suppression Grant Program")]." *Id*. at 9-10.

On July 1, 2019, this Court vacated part of its February 15, 2019 order and injunction (ECF No. 62), "solely to the extent" that it related to the FY 2018 Gang Suppression Grant Program, without affecting any part of "the Court's injunction that concerns the Byrne JAG Program." ECF No. 79.

---

[1] These are the Notice Condition, the Access Condition, the 1373 and 1644 Condition, the Harboring Condition, the Questionnaire Condition, and the 1366 Condition, as set forth at ECF No. 62 at 5-8.

[2] Counts Two, Three, and Four alleged, respectively, that imposition of the challenged Conditions on the FY 2018 Byrne JAG program violated the Spending Clause of the U.S. Constitution, violated the anti-commandeering principles of the Tenth Amendment to the U.S. Constitution, and constituted arbitrary and capricious agency action under the Administrative Procedure Act ("APA"). *See* ECF No. 40 at 38-41.

The City then moved for partial summary judgment on Counts Five through Eight and for a permanent injunction barring Defendants from imposing the challenged immigration-related Conditions on the Gang Suppression Grant Program.[3]  On June 17, 2020, following full briefing, this Court granted the City's motion for partial summary judgment, holding that that "Congress did not grant [the Department of Justice ("DOJ")] the power to impose the challenged Conditions" on the Gang Suppression Grant Program and "their imposition, therefore, is ultra vires." ECF No. 105 at 13.  Having granted relief on the basis of the ultra vires claim (Count Five), ECF No. 40 at 42-46, the Court did not reach the City's alternative grounds (Counts Six through Eight) for partial summary judgment regarding the Gang Suppression Grant Program.  ECF No. 105 at 13-14.[4]  Concluding that the City "carried its burden" to obtain a permanent injunction limited to the City, *id.* at 15, this Court permanently restrained and enjoined the "Defendants and their officers, agents, servants and employees . . . from conditioning, withholding, or delaying Gang Suppression Planning Grants Program awards with respect to City based on the six immigration-related conditions imposed on applicants of the Fiscal Year 2018 Gang Suppression Program." *Id*. at 16.

## II.   FINAL JUDGMENT

For the reasons stated above and in prior orders, and pursuant to Federal Rule of Civil Procedure 58, the Court hereby **ENTERS** final judgment in favor of Plaintiff City of Los Angeles.  **IT IS FURTHER ORDERED** that the permanent injunctions

---

[3] These were the Access Condition, the Notice Condition, the 1373 and 1644 Condition, the Harboring Condition, the Questionnaire Condition, and the 1366 Condition, as set forth in ECF No. 105 at 4-6.

[4] Counts Six, Seven, and Eight alleged, respectively, that imposition of the challenged Conditions on the Gang Suppression Grant Program violated the Spending Clause of the U.S. Constitution, violated the anti-commandeering principles of the Tenth Amendment to the U.S. Constitution, and constituted arbitrary and capricious agency action under the APA.  *See* ECF No. 40 at 46-49.

previously entered by the Court (ECF Nos. 62 and 105) are incorporated into this final judgment.

### III. PRESERVATION OF RIGHTS

The City preserves its rights to seek reasonable costs, including attorney's fees, for this matter and any future related proceeding. Defendants preserve their rights to object to or to oppose any attempt by the City to recover costs or attorney's fees.

**IT IS SO ORDERED.**

Dated: July 09, 2020                                   _____

                                                                        HON. JOSEPHINE L. STATON
                                                                        United States District Judge